J-S42025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK ANTHONY SWINEHART | : | |
| | : | |
| Appellant | : | No. 368 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 13, 2024
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0000100-2023

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: FEBRUARY 19, 2026**

Appellant, Mark Anthony Swinehart, appeals from the judgment of sentence entered in the Northumberland County Court of Common Pleas, following his bench trial convictions for driving under the influence of alcohol or a controlled substance ("DUI"), careless driving, driving while operating privilege is suspended or revoked, driving without a license, carrying and exhibiting driver's license on demand, driving within a single lane, and driving at an unsafe speed.[1] We affirm.

The relevant facts and procedural history of this case are as follows. Following a bench trial, the court convicted Appellant on April 4, 2024, of the above-mentioned offenses; the court found Appellant not guilty of other

---

[1] 75 Pa.C.S.A. §§ 3802(d), 3714(a), 1543(a), 1501(a), 1511(a), 3309(1), and 3361, respectively.

charged offenses.[2]  The court sentenced Appellant on September 13, 2024, to an aggregate term of three days to six months' incarceration.  On September 23, 2024, Appellant timely filed a post-sentence motion arguing (1) he was not properly advised that he had an absolute right to remain silent at trial; and (2) the evidence was insufficient to convict Appellant of DUI, and the verdict was against the weight of the evidence.  The court held a hearing on the post-sentence motion on October 28, 2024, and denied Appellant's post-sentence motion on January 8, 2025.

On February 19, 2025, Appellant filed a motion for leave to file an appeal *nunc pro tunc*, which the court granted on February 24, 2025.  Appellant timely filed a *nunc pro tunc* appeal on March 3, 2025.  On March 25, 2025, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant complied.[3]

Appellant raises four issues for our review:

> The Northumberland County PA Court of Common Pleas failed to adequately weigh the standards set forth in the

_____

[2] Due to our disposition, we need not recite the facts underlying Appellant's convictions.

[3] The court's Rule 1925(b) order allowed Appellant 21 days to file a concise statement.  Appellant did not file his Rule 1925(b) statement until June 16, 2025, which is patently untimely.  Nevertheless, the record indicates that Appellant had a change of counsel between the court's order directing the filing of the concise statement, and the time when the statement was ultimately filed.  The record does not contain an express grant of extension of time in light of the change of counsel.  Based on our disposition that Appellant's issues on appeal are moot or waived on other grounds, however, we need not address further the timeliness of Appellant's Rule 1925(b) statement.

Pennsylvania Rules of Criminal Procedure and/or articulate reason(s) for denying the Motion(s) for Writ of *Habeas Corpus* in this case.

The Northumberland County PA Court of Common Pleas judgment was against the weight and/or sufficiency of the admissible evidence as to proof of the legal element(s) of the crime of Driving Under the Influence of Controlled Substance under 75 Pa.C.S.A § 3802(d)(2) in this case.

The Northumberland County PA Court of Common Pleas judgment was against the weight and/or sufficiency of the admissible evidence as to proof of the legal element(s) necessary for a conviction on any or all of the summary traffic offense(s) involved under Title 75 of the Pennsylvania Consolidated Statutes as applicable to this case.

The Northumberland County PA Court of Common Pleas failed to adequately weigh the standards set forth in the Pennsylvania Rules of Criminal Procedure and/or articulate reason(s) for denying the Post-Sentence Motion(s) in this case.

(Appellant's Brief at 7-8).

As a preliminary matter, regarding Appellant's first issue on appeal, we observe that "once a defendant has gone to trial and has been found guilty of the crime or crimes charges, any defect in the preliminary hearing is rendered immaterial." *Commonwealth v. Edwards*, 177 A.3d 963, 970 (Pa.Super. 2018) (quoting *Commonwealth v. Sanchez*, 623 Pa. 253, 322, 82 A.3d 943, 984 (2013), *cert. denied*, 574 U.S. 860, 135 S.Ct. 154, 190 L.Ed.2d 113 (2014)) (deeming moot appellant's issue on appeal claiming that trial court erred in denying his motion to quash for insufficient evidence presented at preliminary hearing). Here, Appellant has already been convicted of the above-mentioned offenses. Thus, Appellant's first issue on appeal challenging

the denial of his motion for writ of *habeas corpus* based on insufficient evidence is moot. ***See id.***

As a second preliminary matter, concerning Appellant's second and third issues on appeal, we observe that the distinction between a claim challenging the sufficiency of the evidence and a claim challenging the weight of the evidence is critical. ***Commonwealth v. Widmer***, 560 Pa. 308, 318, 744 A.2d 745, 751 (2000).

> A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at

a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Id.* at 319-20, 744 A.2d at 751-52 (internal citations and quotation marks omitted). *See also Commonwealth v. Wilson*, 825 A.2d 710 (Pa.Super. 2003) (explaining sufficiency of evidence review does not include assessment of credibility, which is more properly characterized as challenge to weight of evidence).

Here, Appellant's brief is defective as he conflates his sufficiency and weight challenges into one argument section as if they were one in the same. *See Widmer, supra*; *Wilson, supra*. Further, although Appellant cites to the relevant statutes under which he was convicted, he does not provide the statutory language for the crimes of which he was convicted or provide any cogent argument concerning his sufficiency or weight challenges. *See Commonwealth v. Clayton*, 572 Pa. 395, 816 A.2d 217 (2002) (stating it is well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal). *See also Commonwealth v. Holmes*, 327 A.3d 307 (Pa.Super. 2024), *appeal denied*, ___ Pa. ___, 335 A.3d 1009 (2025) (deeming waived appellant's sufficiency claim where appellant did not develop claim in any meaningful way and conflated distinct concepts of

- 5 -

sufficiency of evidence and weight of evidence); *Commonwealth v. Sexton*, 222 A.3d 405 (Pa.Super. 2019), *appeal denied*, 658 Pa. 545, 229 A.3d 568 (2020) (holding appellant waived challenge to weight of evidence where appellant's brief conflated weight and sufficiency claims and did not otherwise develop weight claim). For all of these reasons, Appellant's second and third issues are waived on appeal.

Finally, Appellant's last issue on appeal challenges the discretionary aspects of his sentence.[4] A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Significantly, objections to the discretionary aspects of a sentence are

---

[4] Although Appellant's fourth issue in his statement of questions presented does not specify a challenge to the discretionary aspects of his sentence, his fourth argument on appeal raises only that claim.

waived if they are not raised at the sentencing hearing following imposition of sentence or in a timely filed post-sentence motion. ***Commonwealth v. Griffin***, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004). Here, Appellant did not raise his sentencing challenge on the record after sentencing or in his post-sentence motion.[5] Consequently, Appellant's final issue on appeal is also waived. ***See Griffin, supra***. Because Appellant's issues are moot or waived, we decline to reach the merits of the claims raised on appeal. Accordingly, we affirm.

_____

[5] The transcript from the hearing on Appellant's post-sentence motion is not in the certified record so we cannot confirm whether Appellant preserved his sentencing challenge on the record at that time. Nevertheless, it is an appellant's duty to ensure the relevant transcripts necessary to decide an appellate issue are included in the certified record on appeal. ***See Commonwealth v. Houck***, 102 A.3d 443 (Pa.Super. 2014) (noting that it is appellant's duty to ensure relevant transcripts are included in certified record; when appellant fails to do so, any claims that cannot be resolved in absence of necessary transcript must be deemed waived for purposes of appellate review).

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>02/19/2026</u>